OPINION
Dove Nursing Facility ("Dove") is a nursing home which participates in the Medicaid program. Back in 1991, the Ohio Department of Human Services ("ODHS") began the process of resolving the question of whether or not Dove had been overpaid for the services Dove had provided in calendar year 1987. In 1995, Dove agreed to repay $9,552.17 as a settlement and resolution of any sums owed for 1987.
Apparently, nothing happened for almost five years. Then, in April 2000, counsel for Dove signed a document which purported to finalize the settlement. The document included a waiver of Dove's "right to appeal the settlement under Chapter 119 of the Ohio Revised Code." Counsel for Dove included a provision that the document was a "[f]ull, complete and final settlement without reservation to ODHS or Provider." A final adjudication order in accord with these terms was then issued on May 26, 2000. However, the adjudication order included notification to Dove that it could appeal to the Franklin County Court of Common Pleas under the terms of R.C. 119.12 and R.C. 5111.06.
Dove paid the $9,552.17. However, ODHS, now the Ohio Department of Job and Family Services ("ODJFS"), later sought to recoup more money from Dove as the result of an audit performed upon the Ohio Medicaid program by the United States Department of Health and Human Services ("USDHHS"). USDHHS determined that the state of Ohio owed the federal government money because the state of Ohio had overpaid providers such as Dove.
The nursing home industry successfully attempted to block efforts to recoup this money from providers by pursuing a class action lawsuit entitled Ohio Academy of Nursing Homes, Inc. v Ohio Dept. of Job and Family Servs., Case No. 99CVH06-5249. In July of 2001, Judge John Bessey of the Franklin County Court of Common Pleas issued a decision finding that ODHS/ODJFS could not recover payments for audit years which had been finally closed by an adjudication order.
Dove's appeal of the attempt by ODHS/ODJFS to obtain additional funds for the 1987 calendar year was already pending when Judge Bessey made his ruling. The common pleas judge assigned to Dove's case found Judge Bessey's ruling to be dispositive and granted judgment for Dove.
ODHS/ODJFS has appealed the ruling in Dove's case, assigning two errors for our consideration:
Assignment of Error No. 1:
The Lower Court Erred by Entertaining the Appeal[.]
Assignment of Error No. 2:
 The Lower Court Lacked Jurisdiction to Entertain The Appeal[.]
Since the two assignments of error involve common issues, we will address them together.
Normally, administrative appeals are addressed by intermediate appellate courts on an abuse of discretion standard. If the common pleas court did not abuse its discretion, we are required to affirm its judgment. See Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619.
However, the issues before us are purely legal issues. Such issues are reviewed as if we are the first court to entertain the issue; or, using the Latin phrase, the review is de novo.
ODJFS argues that we have previously addressed the legal issues presented by this case in The Washington Nursing Home v. Ohio Dept. of Human Services (June 14, 2001), Franklin App. No. 00AP-939, unreported. We do not accept this argument because we do not view ODHS/ODJFS as having honored its own final settlement with respect to the services owed for calendar year 1987. In the Washington Nursing Home case, we affirmed the dismissal of an appeal by a nursing home which was seeking to avoid implementation of a final settlement because the nursing home was "bound by its settlement agreement with ODHS and the right to appeal has been waived."
In the case of Dove, we find that ODHS/ODJFS is the entity which is not abiding by the final agreement into which it entered. Therefore, the principles followed in the Washington Nursing Home case dictate a different result.
Stated somewhat differently, ODHS/ODJFS obtained a waiver of Dove's valuable rights involving administrative appeals through an agreement that a total sum of $9,552.17 by Dove would resolve the disputed obligations dating to 1987. Having agreed to a "[f]ull, complete and final settlement without reservation," ODHS/ODJFS could not change the terms of the settlement after the fact without at a minimum resurrecting Dove's right to an administrative appeal and court review of the department's action.
We also note again that ODHS/ODJFS expressly notified Dove that Dove had a right to pursue an administrative appeal.
Based upon our analysis set forth above, neither of the assignments of error have merit. We, therefore, overrule both assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
McCORMAC and PETREE, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.